CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEAN FUNDAKOWSKI (CABN 328796)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    FAX: (415) 436-7234
    Jean.Fundakowski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:25-mj-71442 MAG |
| Plaintiff, | [~~PROPOSED~~] **DETENTION ORDER** |
| v. | |
| CASHMIR CHINEDU LUKE, AKA CHINEDU CASHMIRE OSUAGWU, AKA CASHMER C. OSUAGWU, | |
| Defendant. | |

      On June 10, 2025, defendant Cashmir Chinedu Luke was charged by Complaint with Health Care Fraud, in violation of Title 18, United States Code, Section 1347.

      This matter came before the Court on December 5, 2025, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Ana Botello. Assistant United States Attorney Jean Fundakowski appeared for the government. The government moved for detention, and the defendant opposed. The government submitted a memorandum and supporting documents containing its arguments in support of detention on December 4, 2025. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the basis for its conclusion that the defendant poses a significant risk of flight: the defendant has transferred and may have access to substantial amounts of money in overseas accounts in Africa and Asia, including Nigeria; the defendant's prior 2009 federal convictions for identification document fraud and aggravated identity theft show the defendant has the ability to commit further fraud, including concerning travel documents required for overseas travel; the defendant has substantial ties to Nigeria, including that he is a dual citizen of the United States and Nigeria, has family in Nigeria, and documents found in a search of the defendant's home indicate he owns property in Nigeria; and the defendant has been charged with a serious crime that carries a maximum sentence of ten years. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

1       IT IS SO ORDERED.

3 DATED:     December 11, 2025

                                               HONORABLE THOMAS S. HIXSON
                                               United States Magistrate Judge