UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>CASHMIR CHINEDU LUKE,<br>　　　　　Defendant. | Case No. 25-mj-71442-MAG-1 (TSH)<br><br>**ORDER**<br>Re: Dkt. No. 12 |

On December 11, 2025 the Court issued two orders. The first was an order of pretrial detention, and the second was an order committing the Defendant to the Eastern District of California. ECF Nos. 8, 9. Yesterday, the Defendant filed a motion to reopen the detention hearing. ECF No. 12. The motion sets a hearing date for January 15, 2026. The proposed order that accompanies the motion would stay the Defendant's transfer to the Eastern District until after the conclusion of the January 15 hearing. ECF No. 12-1.

The Court thinks the Defendant is asking for two different things. First, the Defendant is seeking an emergency stay of the transfer order. Second, the Defendant is seeking the reopening of his detention hearing.

The Court **DENIES** the request for an emergency stay of the transfer order. Defendant has not shown that this relief is warranted. The Court assumes that keeping the Defendant in this district is meant to bolster the argument that this district (as opposed to the Eastern District) should rule on the motion to reopen. However, that begs the larger question of why it is preferable for this district to be the one to rule on the motion to reopen, which is not explained. The motion to reopen says that it is presenting conditions of release that were never considered at the original detention hearing, including two proposed custodians who as of yet have not been interviewed by

Pretrial Services.  It is not immediately obvious why the district of arrest is better equipped than the charging district to assess this showing.  Further, the Court ordered the Defendant transferred to the Eastern District 26 days ago "so that further proceedings may be promptly scheduled" (ECF No. 9) there.  While the Defendant is apparently still in this district, this is the Eastern District's case, and staying the transfer order would impede the prompt scheduling of proceedings in that district.

The Court **ORDERS** the government to file a response to the motion to reopen no later than January 9, 2026.  The government's response should address the merits of the motion but should also address the procedural question of which district should rule on it.  The Defendant may file an optional reply brief no later than January 13, 2026.

**IT IS SO ORDERED.**

Dated: January 6, 2026

THOMAS S. HIXSON
United States Magistrate Judge