UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASHMIR CHINEDU LUKE,<br><br>Defendant. | Case No. 25-mj-71442-MAG-1 (TSH)<br><br>**ORDER DENYING MOTION TO REOPEN DETENTION HEARING WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 12 |

Thirty-three days ago the Court detained Defendant Cashmir Chinedu Luke and ordered him committed to the Eastern District of California, where he is charged with health care fraud. ECF Nos. 8, 9. The transfer has been completed, and he is now in the Eastern District. The Defendant was arrested here on a criminal complaint, but on the same day he was committed to the Eastern District, he was indicted there. *United States v. Luke*, 25-cr-230 (E.D. Cal.), ECF No. 7. The case is assigned to District Judge Jennifer L. Thurston and referred to Magistrate Judge Sheila K. Oberto in the Eastern District. On December 15, 2025, defense counsel entered an appearance in the Eastern District. 25-cr-230 ECF No. 9. On stipulation of the parties, Defendant's arraignment in the Eastern District is currently scheduled for January 20, 2026. *Id.*, ECF Nos. 10 & 11.

This is what a successful case transfer looks like. There was a brief stop in the district of arrest, which concluded its work with the transfer order, then everything and everyone moved to the charging district, where the case will be litigated. The attorneys who ran the investigation are in the Eastern District, the attorney who will defend the Defendant has entered her appearance there, and the judges who will come to know the case and the Defendant are there.

On January 5, 2026, Defendant filed a motion to reopen his detention hearing under 18

U.S.C. § 3142(f). Defendant filed the motion in this district, the district of arrest, where he has no pending case. ECF No. 10 ("NOTICE OF CRIMINAL CASE TRANSFER. Case transfer from California Northern to Eastern District of California"). The motion says that it proposes conditions of release and custodians that were never presented to the Court during the detention hearing. The Court does not think it has any particular expertise in options it never evaluated and was not asked to consider.

The Court believes the Eastern District of California should hear this motion to reopen. Federal Rule of Criminal Procedure 5 states that when a defendant makes an initial appearance in a district other than where the offense was allegedly committed, "the magistrate judge must transfer the defendant to the district where the offense was allegedly committed" if certain criteria are satisfied, and "when a defendant is transferred and discharged, the clerk must promptly transmit the papers *and any bail* to the clerk in the district where the offense was allegedly committed." Fed. R. Crim. Proc. 5(c)(3)(D)-(E) (emphasis added). To be sure, there wasn't any bail in this case because the Defendant was detained. However, the express provision that bail transfers from the district of arrest to the charging district strongly implies the more general point that authority over the defendant's detention or release moves with the defendant to the charging district. If continued authority over a defendant's detention or release remained in the district of arrest, bail would stay there too.

"In some cases, of course, circumstances may make it appropriate to request detention in the arresting district," *United States v. Dominguez*, 783 F.2d 702, 705 (7th Cir. 1986), which is what happened here. "Nevertheless we believe that the most informed decisions will almost always be made in the charging district by prosecutors that have supervised the investigations and by courts that will supervise the remaining proceedings." *Id*. "It makes no sense to mandate in multi-district situations that these procedures [under the Bail Reform Act] be conducted in the district court with the lesser interest in the defendant and less complete knowledge of his case." *Id*.[1]

---

[1] The Court is aware that the Tenth Circuit has held that a motion to reopen a detention hearing may be brought only before the magistrate judge that originally ordered the defendant detained. *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). So far as the Court is aware, the Ninth Circuit has not ruled on that issue, so in this Circuit there is no binding authority on that

1    Accordingly, the Court **DENIES** Defendant's motion to reopen the detention hearing

2 without prejudice to renewing it in the Eastern District of California.

3    **IT IS SO ORDERED.**

5 Dated: January 13, 2026

7    THOMAS S. HIXSON
    United States Magistrate Judge

---

point. While the Court acknowledges that the Tenth Circuit's decision has been widely followed by lower courts, there is room to question that holding. The Tenth Circuit's reasoning appears to focus on the term "the judicial officer" in section 3142(f) in describing who may reopen the detention hearing, which it took to be a reference to the judicial officer that conducted the original detention hearing. *See id.* ("By its terms, this section applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order."). Under that logic, if the district of arrest releases a defendant on conditions, the charging district would be powerless to impose additional or different conditions of release as the case progressed because "the judicial officer" in the arresting district is who released the defendant on conditions, 18 U.S.C. § 3142(c)(1), and the same term – "the judicial officer" – describes the person who can impose additional or different conditions of release. 18 U.S.C. § 3142(c)(3). Thus, if a defendant were arrested and released on conditions in Alaska, then transferred to the charging district in New York, every change in a condition of release would necessitate a trip to Alaska to request the change from an Alaska judge, who would presumably know little about the defendant or the case. In practice, of course, that does not happen because charging districts always think they can modify the conditions of release. This indicates a widespread belief that "the judicial officer," despite the definite article, is not really a reference to one specific person, as the Tenth Circuit held. *See Dominguez,* 783 F.3d at 705 ("a person would then have as many 'first appearances' as judicial officers his bail determination came before").

3